[No. B048538. Second Dist., Div. Four. June 1, 1993.]

RICHARD B. HOFFMAN et al., Plaintiffs and Appellants, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Respondent.

**COUNSEL**

Perona, Langer & Beck, Major A. Langer and Ellen R. Serbin for Plaintiffs and Appellants.

Cummins & White, James O. White, Horvitz & Levy, Barry R. Levy and Douglas G. Benedon for Defendant and Respondent.

## OPINION

**EPSTEIN, J.**—In this case, we conclude that property owners are not entitled to recover under an "all risk" homeowners policy indemnifying them against damage to their property unless there is some manifestation of physical damage to the property during the policy period. Since there was no such manifestation during the policy period in this case (which extended until the sale of the subject property), there was no covered loss. Because of our resolution of this issue, we do not reach other issues tendered by the parties concerning the efficient proximate cause of damage the property is alleged to eventually have suffered, and the effect of a change in the exclusion provisions of the policy when it was renewed.

### FACTUAL AND PROCEDURAL SUMMARY

This case reaches us after a general demurrer was sustained without leave to amend. ■ We therefore review the pleadings under established principles that require that we take as true all material factual allegations in the complaint, and that a demurrer should not be sustained unless the complaint, liberally construed, fails to state a cause of action on any theory. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 497 [86 Cal.Rptr. 88, 468 P.2d 216]; *Lloyd* v. *California Pictures Corp.* (1955) 136 Cal.App.2d 638, 642 [289 P.2d 295].)

We take the following summary from the allegations of the fourth amended complaint, the charging pleading, and the policy which was attached to and incorporated within that pleading.

### Factual Allegations

Appellants, Richard and Carol Hoffman, were the owners of a home in the city of Rolling Hills. The property is on the perimeter, but within, an area described as the "Flying Triangle" landslide. Earth movement was discovered in the opposite side of this area. "However, at that time, there was neither earth movement on plaintiffs' property nor reasonable cause to expect the earth movement to spread onto plaintiffs' property." Appellants sold their property in May 1984. By that time the Flying Triangle landslide had grown in scope and magnitude, but "it was not known and could not have reasonably been known from either a layman's point of view or from knowledgeable geotechnical personnel, that the Flying Triangle landslide had actually engulfed and/or was physically damaging plaintiffs' structure, and plaintiffs reasonably believed that at the time they sold their property there was no land movement and/or physical damage on their property."

Nevertheless, appellants alleged, they received less than fair market value for their property because other parts of the area were in an active landslide. Almost a year later, in April 1985, they submitted a claim to their carrier, respondent State Farm Fire and Casualty Company, based on diminution of value to the property. At the time they did so, they "had not yet discovered, nor reasonably could have discovered . . . that their property in 1983/1984 was actually moving and was in the active Flying Triangle landslide."

A few days later they sued State Farm, again alleging diminution in the value of their property as shown by the depressed sale price they received. It was only later in 1985 that plaintiffs received a geotechnical report and learned for the first time that their former home was engulfed within and actually moving as part of the Flying Triangle landslide. Appellants then amended their claim to allege actual damage to the residence, but again alleged that, until they received the report, "it could not have been known to a layperson and was not known to any geotechnical experts and could not have been known to any geotechnical experts that it was first moving and actually in the Flying Triangle landslide in 1983/1984."

*Policy Provisions*

The fourth amended complaint attached as an exhibit the policy in force when appellants sold their property. In pertinent part, the policy insured "for accidental direct physical loss to the" residence, except as provided in specific exclusions. Damage caused by earth movement was one of the excluded perils.[1]

---

[1]The original policy excluded damage caused by earth movement. In a series of cases, including principally *Sabella* v. *Wisler* (1963) 59 Cal.2d 21, 25 [27 Cal.Rptr. 689, 377 P.2d 889] and *Garvey* v. *State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 401 [257 Cal.Rptr. 292, 770 P.2d 704], our Supreme Court has explained that an exclusion of this kind will not preclude coverage if the "efficient proximate cause" of loss is a covered peril. The typical example is third party negligence (a covered peril) which proximately causes earth movement which, in turn, damages the insured property. In an apparent effort to avoid the result of that case, homeowner policies have been amended to exclude coverage for damage caused by earth movement, whether or not the earth movement was brought about by a covered peril. The policy in force when appellants sold their residence included such language. They dispute whether the notice of renewal adequately informed them of the change in coverage, and whether, in any case, such a change is permissible. The argument that it is not is based on Insurance Code section 530, which has been construed to require a property insurer to provide coverage whenever an insured peril is the "efficient proximate cause" of the loss. (See *Howell* v. *State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1446, 1456 [267 Cal.Rptr. 708], and conc. opn. of Merrill, J., at p. 1461.) Because of our conclusion that no covered loss occurred during the time appellants owned the insured property, we need not and do not reach these issues, or the related issue of whether appellants' allegation in previous pleading that earth movement (rather than third party negligence) was the proximate cause of their loss, is

## Procedural History

Appellants filed their original complaint on May 1, 1985. It was amended four times, the last amendments brought about by the sustaining of general demurrers. The fourth amended complaint was filed on August 14, 1989. It was in three causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of statutory duty. In its general demurrer, State Farm argued (among other things) that appellants did not sustain a covered loss because there was no manifestation of damage to their property while they owned it, and whatever damage manifested itself later did not involve any insurable interest on their part. If there was no coverage, respondent argued, there could not have been a breach of the implied covenant or of the statutory duty (under Ins. Code, § 790.03, subd. (h)) to indemnify. The trial court sustained the demurrer, this time without leave to amend. A judgment of dismissal was duly entered, and appellants filed a timely notice of appeal.

### DISCUSSION

As just discussed, this case reaches us on a demurrer. The demurrer was based on the pleadings, including the provisions of the insurance policy which appellants claim State Farm has breached. ▮ In reviewing the pleadings, we are not bound by the determination of the trial court, but are required to render our independent judgment on whether a cause of action has been stated. (*Miller* v. *Bakersfield News-Bulletin, Inc.* (1975) 44 Cal.App.3d 899, 901 [119 Cal.Rptr. 92].) Having done so, we conclude that the trial court's ruling was correct.

### I

▮ ^fn. ▮ ▮ The original bases of appellants' claim, and of their lawsuit, was that the value of their property was diminished by its location in a landslide area and the effect that had on what buyers were willing to pay.[2]

The claim lacks merit. A policy of property insurance is a contract in which the insurer agrees to indemnify against covered perils. For these purposes, "perils" are " 'fortuitous, active, physical forces such as lightning, wind, and explosion, which bring about the loss.' " (*Garvey* v. *State Farm*

---

a binding admission by pleading. (See 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 412, p. 458.)

[2]Appellants appear to have abandoned this claim in argument before the trial court but resurrect it here. They are entitled to do so, since the rule that a litigant cannot argue matters for the first time on appeal does not apply to questions of law. (*Carman* v. *Alvord* (1982) 31 Cal.3d 318, 324 [182 Cal.Rptr. 506, 644 P.2d 192].)

*Fire & Casualty Co., supra*, 48 Cal.3d at p. 406.) Diminution in market value is not a covered peril. (*State Farm Fire & Casualty Co.* v. *Superior Court* (1989) 215 Cal.App.3d 1435, 1444, 1445 [264 Cal.Rptr. 269].) In fact, insuring land values is illegal in California, and doing so is a felony-misdemeanor. (Ins. Code, § 12660.)

## II

■    Appellants' principal claim is that their former residence did suffer a physical loss, even though they were unaware of it until after they had sold the property. They argue that their amended complaint, putting forth this theory, relates back to the original pleading, which was filed within the one-year limitations' period of the policy and Insurance Code section 2071.

The pertinent issues were extensively discussed by the Supreme Court in *Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674 [274 Cal.Rptr. 387, 798 P.2d 1230]. The statute requires that suit on a policy be commenced within one year of the "commencement of the loss." That point, the court held, "should be determined by reference to reasonable discovery of the loss and not necessarily turn on the occurrence of the physical event causing the loss. Accordingly, we find that California law supports the application of the following delayed discovery rule for purposes of the accrual of a cause of action under section 2071: The insured's suit on the policy will be deemed timely if it is filed within one year after 'inception of the loss,' defined as *that point in time when appreciable damage occurs and is or should be known to the insured*, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." (51 Cal.3d at pp. 686-687; italics added.)

The insured must be diligent in the face of discovered facts (51 Cal.3d at p. 687), but the time for suit is tolled during the period that the insurer is reviewing a claim presented by the insured. (51 Cal.3d at p. 693.)

The importance of the point in time when appreciable damage occurs to rights under the policy was reemphasized by the court's treatment of the issue of allocation of coverage among successive insurers in cases of pro-gressive loss. The court reviewed previous decisions, of its own and by the intermediate courts (51 Cal.3d at pp. 694-699), and concluded that "in first party progressive property loss cases, when . . . the loss occurs over several policy periods and is not discovered until several years after it commences, the manifestation rule applies." (51 Cal.3d at p. 699.) Later insurers are not responsible for potential claims relating to a previously discovered and manifested loss. (*Ibid.*) Putting the concepts together, the court concluded

that the manifestation of the loss occurs at the inception of the loss; the concepts are the same, both defined by the time that there is appreciable damage that is known to the insured such as to trigger a duty to notify the insurer. (*Ibid.*)

Appellants have negatived any manifestation of damage to their former residence during the period of their ownership. Their pleading specifically and repeatedly alleges that there was no physical damage to the property while they owned it, that they were unaware of such damage and could not have been reasonably aware of it, and that an expert could not have reasonably known that the property was suffering damage from the Flying Triangle landslide. It would be difficult to allege the absence of manifestation with greater clarity.

Appellants say that at a point over a year after they sold the property, they did learn of damage due to the landslide. In legal terms, their allegation amounts to a claim that damage to the property became manifest at that time. The problem, of course, is that by then appellants no longer owned the property. Without ownership at the time of the manifestation of the loss, they lacked an insurable interest in the property. It is, of course, fundamental that an insurable interest is a requisite to a right to recover under a policy of indemnity. (Ins. Code, §§ 280, 286; *International Service Ins. Co.* v. *Gonzales* (1987) 194 Cal.App.3d 110, 117 [239 Cal.Rptr. 341].)

## III

It follows that State Farm did not breach its contract with appellants by refusing to pay them for their claimed diminution in the value of their former residence, or for damage to the property. Since that is so, it did not breach the implied obligation to deal in good faith and fairly under the policy, nor its statutory duty to do so.[3]

---

[3]Appellants recognize that private lawsuits under Insurance Code section 790.03, subdivision (h) are no longer cognizable in light of the overruling of *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329], by *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58], but correctly assert that their suit falls within the "window" recognized by *Moradi-Shalal* for pending cases.

## Disposition

The judgment is affirmed. Respondent is to have its costs on appeal.

Woods (A. M.), P. J., and Soven, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.