Filed 3/3/14  Virgilio v. Citibank CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSEPH A. VIRGILIO, | B247868 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC059463) |
| v. | |
| CITIBANK N.A., as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Donna Fields Goldstein, Judge.  Affirmed.

———

Brifman Law Corporation and Mark Brifman for Plaintiff and Appellant.

Malcolm Cisneros, William G. Malcolm and Brian S. Thomley for Defendants and Respondents.

———

Joseph A. Virgilio appeals from the judgment entered after the trial court sustained without leave to amend a demurrer to his complaint alleging causes of action for cancellation of instruments and declaratory relief regarding real property in Los Angeles. Virgilio contends that he should be permitted to pursue his causes of action to reverse the foreclosure relating to the property or, at a minimum, amend the complaint to clarify his pleading. We disagree and thus affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint and Judicially Noticed Documents*

The trial court granted judicial notice of (1) a deed of trust, recorded on March 28, 2007; (2) an assignment of the deed of trust, recorded on August 9, 2011; (3) a notice of default, recorded on March 5, 2012; and (4) a notice of trustee's sale, recorded on June 6, 2012. We consider the complaint's allegations and those judicially noticed documents in our recitation of the factual background. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [courts consider judicially noticed material in reviewing demurrer].) "[W]hen the allegations of the complaint contradict or are inconsistent with [judicially noticed] facts, we accept the latter and reject the former. [Citations.]" (*Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040.)

A deed of trust, dated March 16, 2007, indicated that on the same date Virgilio had executed a promissory note in which he promised to pay Quality Home Loans, as lender, $520,000, plus interest as specified. The deed of trust secured the promissory note and encumbered real property on Haines Canyon Avenue in Los Angeles. It named T.D. Service Company as the trustee and Mortgage Electronic Registration Systems, Inc. (MERS) "as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument."[1] The deed of trust further provided that

---

[1]     "'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to

2

"Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." The deed of trust was recorded on March 28, 2007.

On August 5, 2011, MERS executed an assignment of the deed of trust to Citibank N.A., as trustee for the certificate holders of CWABS, Inc. Asset-Backed Certificates, Series 2007-QH2 (Citibank), granting Citibank "all beneficial interest under that certain Deed of Trust . . . together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust." The assignment was recorded on August 9, 2011.

On March 5, 2012, ReconTrust Company, N.A. recorded a notice of default with respect to the property, stating that Virgilio was in default in the amount of $202,617.63 as of March 1, 2012. The notice indicated that ReconTrust was acting as an agent for the beneficiary under the deed of trust and directed Virgilio to contact Citibank, in care of Bank of America, N.A. "to arrange for payment to stop the foreclosure." On June 6, 2012, ReconTrust recorded a notice of trustee's sale with a sale date of June 29, 2012.

The sale date apparently was postponed because Virgilio's complaint, filed on October 2, 2012, against Citibank, Bank of America and ReconTrust alleged causes of action for cancellation of instruments and declaratory relief, seeking to void the notice of default and notice of trustee's sale and praying for a declaration that ReconTrust did not

---

the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.' [Citation.]" (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1151 (*Gomes*).)

3

have the right to conduct a foreclosure sale of the property.[2]  According to the complaint, the assignment of the deed of trust did not, and could not, transfer the note and thus ReconTrust, acting for Citibank, as the assignee of the deed of trust, had no authority to foreclose on the property.  Virgilio claimed that the original lender, Quality Home Loans, was the only entity with an interest in the note such that the initiated nonjudicial foreclosure proceedings were improper.

2.      *The Demurrer and Opposition*

Citibank, Bank of America and ReconTrust (collectively, defendants) filed a demurrer to the complaint, arguing that Virgilio could not pursue his cause of action for cancellation of instruments because (1) such an action is prohibited by *Gomes*, *supra*, 192 Cal.App.4th 1149; (2) MERS properly assigned its interest as beneficiary to Citibank, allowing Citibank to proceed with foreclosure; (3) possession of the note is not required under the system of nonjudicial foreclosure in order to foreclose on a property; and (4) Virgilio failed to plead the prejudice required to cancel an instrument. Defendants maintained that the declaratory relief cause of action had no independent basis once Virgilio was precluded from pursuing the cause of action for cancellation of instruments.

Virgilio opposed the demurrer, contending that, because MERS had no interest in the promissory note, the assignment of the deed of trust did not grant Citibank, as the assignee, the right to institute nonjudicial foreclosure proceedings.

3.      *The Trial Court's Ruling*

The trial court sustained the demurrer.  The court concluded, Virgilio "is attempting to use a legal action to determine whether the [d]efendants had the right to initiate a non[]judicial foreclosure against [his] property.  Under California law, [Virgilio] is not permitted to use a legal action to obtain such a determination. Accordingly, there are grounds for a demurrer to [his] complaint because both of his causes of action are barred [in that] both seek to determine whether the [d]efendants have

---

[2]      Virgilio's brief on appeal implies that the foreclosure sale occurred at some point before the filing of his brief, as he now seeks to pursue his action to "reverse" the sale.

4

the right to foreclose on his property." The court also determined that Virgilio's contention that the note remained with the original lender lacked merit. MERS's assignment of the deed of trust indicated that "it assigns all beneficial interest in the deed of trust together with the note. Further, there is no requirement that the assignee have physical possession of the underlying promissory note in order to initiate a valid foreclosure. [Citation.] Accordingly, the assignment did not separate the deed of trust from the note." The court concluded that it was not "reasonably possible" Virgilio could amend his pleading to cure these deficiencies and thus sustained the demurrer without leave to amend. It entered a judgment of dismissal of the action, and Virgilio timely appealed.

## DISCUSSION

1. *Standard of Review*

In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action. (*Hoffman v. State Farm Fire & Casualty Co.* (1993) 16 Cal.App.4th 184, 189.) We treat the demurrer as admitting all facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) If we agree the complaint does not state a cause of action, we review the trial court's denial of leave to amend for an abuse of discretion. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1381.) The plaintiff has the burden to demonstrate that he can amend the complaint to cure the legal defects in the pleading. (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 959.)

2. *The Ruling Sustaining the Demurrer*

"A deed of trust, by way of a written instrument, conveys title to real property from the trustor-debtor to a third party trustee to secure the payment of a debt owed to

5

the beneficiary-creditor under a promissory note. [Citations.] The customary provisions of a valid deed of trust include a power of sale clause, which empowers the beneficiary-creditor to foreclos[]e on the real property security if the trustor-debtor fails to pay back the debt owed under the promissory note. [Citations.]" (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 508 (*Jenkins*).) "Upon a trustor-debtor's default on a debt secured by a deed of trust, the beneficiary-creditor may elect to judicially or nonjudicially foreclose on the real property security. [Civil Code] [s]ections 2924 through 2924k set forth a 'comprehensive framework for the regulation of a *nonjudicial* foreclosure sale pursuant to a power of sale contained in a deed of trust.' [Citation.] [¶] Pursuant to this statutory scheme, the beneficiary-creditor under a deed of trust may declare a default and proceed with a foreclosure sale if the trustor-debtor defaults on the secured loan. ([Civ. Code,] § 2924.)" (*Id*. at pp. 508-509.)

"Importantly, the provisions setting forth California's nonjudicial foreclosure scheme [citations] '"cover every aspect of [the] exercise of [a] power of sale contained in a deed of trust." [Citation.] "The purposes of this comprehensive scheme are threefold: (1) to provide the [beneficiary-creditor] with a quick, inexpensive and efficient remedy against a defaulting [trustor-debtor]; (2) to protect the [trustor-debtor] from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." [Citation.]' [Citation.]" (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 509-510.) "Although a defaulting debtor is free to pursue a judicial action for 'misconduct arising out of a nonjudicial foreclosure sale when [such a claim is] *not inconsistent with the policies behind the statutes*' [citation], due to the '"exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." [Citations.]' [Citation.]" (*Id*. at p. 510.) "'It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.' [Citation.]" (*Ibid*.)

When he filed his complaint, before any foreclosure sale had occurred, Virgilio sought to prevent a sale on the ground that ReconTrust, as agent for Citibank, the beneficiary under the assignment of the deed of trust, had no right to foreclosure on the property. "California courts[, however,] have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure. [Citations.]" (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 511-512.) "[S]uch a preemptive action does not seek a remedy for a foreclosing party's misconduct with regard[] to the initiation and processing of the nonjudicial foreclosure, which . . . may serve as the basis for a valid cause of action. [Citation.]" (*Id*. at p. 512.) "[A]llowing a trustor-debtor to pursue such an action, absent a '*specific factual basis* for alleging that the foreclosure was not initiated by the correct party' would unnecessarily 'interject the courts into [the] comprehensive nonjudicial scheme' created by the Legislature, and 'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy. [Citation.]' [Citation.]" (*Ibid*.)

Virgilio contends that he has alleged such a specific factual basis that the foreclosure was not initiated by the correct party because his complaint states that the lender identified in the promissory note was the only party that could initiate foreclosure and Citibank, as the beneficiary on the assignment of the deed of trust, possessed no right to enforce the note. Although his complaint contains such allegations, we disagree that they permit him to pursue his action. Indeed, the case law precludes such an action.

In *Jenkins*, *supra*, 216 Cal.App.4th at pages 512-513, the appellate court rejected, after the sustaining of a demurrer, the plaintiff's claim that she could pursue a preemptive action to stop a nonjudicial foreclosure sale on the ground that the defendants had to prove they possessed the promissory note before proceeding with the sale. The appellate court concluded that, because the statutory provisions "broadly authorize a 'trustee, mortgagee, or beneficiary, or *any of their authorized agents*' to initiate a nonjudicial foreclosure [citation], [they] do not require that the foreclosing party have an actual

7

beneficial interest in both the promissory note and deed of trust to commence and execute a nonjudicial foreclosure sale." (*Id*. at p. 513.) Similarly, in *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440 (*Debrunner*), the appellate court recognized "that the procedures to be followed in a nonjudicial foreclosure are governed by [Civil Code] sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure. [Citations.]" The appellate court found "nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note." (*Ibid*.) It thus affirmed a judgment after an order sustaining a demurrer without leave to amend to plaintiff's complaint seeking a declaratory judgment and to quiet title to property on which the servicer of the assignee of the deed of trust on the property had initiated foreclosure proceedings. (*Id*. at pp. 435, 440.)[3] And, in *Gomes*, *supra*, 192 Cal.App.4th at pages 1155-1156, the appellate court concluded that the statutory scheme for nonjudicial foreclosure did not include a right to bring a judicial action to determine whether the lender, as the owner of the note, has authorized MERS, as its nominee, to initiate the foreclosure process. (See also *Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42, 43-44, 46 [demurrer without leave to amend properly sustained on plaintiffs' action for wrongful initiation of foreclosure and declaratory relief because statutory scheme for nonjudicial foreclosure "does not provide for a preemptive suit challenging standing"].)

In any case, even if such action were permitted, Virgilio's allegations do not state a valid claim. As Virgilio does not dispute, MERS had the power to assign the deed of trust to Citibank. (See *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1498 (*Herrera*) ["courts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a [deed of

---

[3]     *Debrunner* also rejected the argument made by Virgilio that Commercial Code provisions with respect to negotiable instruments apply in the context of nonjudicial foreclosure, where the Legislature has enacted a "'comprehensive statutory framework'" that "'is intended to be exhaustive.'" (*Debrunner*, *supra*, 204 Cal.App.4th at pp. 440-441.)

trust]").) Given that assignment, Virgilio does not have a cause of action to preemptively contest the nonjudicial foreclosure proceedings on the ground that Citibank did not possess the promissory note.

As stated by the appellate court in *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270-271 (*Fontenot*), "the lack of a possessory interest in the note did not necessarily prevent MERS from having the authority to assign the note. While it is true MERS had no power *in its own right* to assign the note, since it had no interest in the note to assign, MERS did not purport to act for its own interests in assigning the note. Rather, the assignment of deed of trust states that MERS was acting as nominee for the lender, which *did* possess an assignable interest." (See also *Herrera*, *supra*, 205 Cal.App.4th at p. 1505 ["MERS could assign both the [deed of trust] and note because it was presumed MERS had authority to do so on behalf of the lender, which had an interest in the note"].) Here, the assignment of the deed of trust specifically stated on behalf of MERS that it was giving to Citibank "all beneficial interest under [the] certain [d]eed of [t]rust . . . *together with the note(s)* and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said [d]eed of [t]rust." (Italics added.) The express language of the assignment thus conflicts with Virgilio's claim that the note was not assigned.[4] And Virgilio agreed by signing the deed of trust that MERS, as beneficiary for lender, could foreclose on the

---

[4]     Virgilio relies on the unpublished bankruptcy decision in *In re Walker* (Bankr. E.D.Cal., May 20, 2010, No. 10-21656-E-11) 2010 Bankr. Lexis 3781, to contend that MERS could not assign the promissory note. That case is not binding authority on us. In any event, it addressed the propriety of a claim asserted in bankruptcy and did not consider the assignment of a promissory note along with a deed of trust in the context of California's statutory scheme for nonjudicial foreclosure or the authority of a foreclosing party to conduct a nonjudicial foreclosure sale without possession of the underlying note. Moreover, to the extent language in the case suggests that MERS cannot assign a lender's interest in the promissory note along with a deed of trust, specifically outlined in the assignment, it conflicts with a number of court of appeal cases, as cited in this opinion.

9

property, a right that MERS assigned to Citibank through the assignment of the deed of trust.[5]

Virgilio's cause of action for declaratory relief fails along with his cause of action for cancellation of instruments. To pursue a cause of action for declaratory relief, Virgilio must allege an actual controversy between himself and defendants. (See Code Civ. Proc., § 1060.) Virgilio has not done so. His allegations do not dispute the validity of the loan, the assignment of the deed of trust, his default on the loan or his receipt of the notice of default and notice of trustee's sale. He maintains only that the failure to assign the note precludes nonjudicial foreclosure proceedings. Because that argument lacks merit, and he has presented no other basis for an actual controversy between himself and defendants, he has no grounds to pursue his declaratory relief cause of action.

3.      *The Denial of Leave to Amend*

On appeal, Virgilio suggests that the complaint may not have been "clear enough that it was the assignment of the note that was at issue. If that is the case, then leave to amend should have been granted to make the point clearer." The complaint, however, was not unclear. The trial court rejected Virgilio's argument that a failure to assign the note precluded defendants from instituting nonjudicial foreclosure proceedings, and we too conclude his argument lacks merit. Accordingly, Virgilio has not satisfied his burden to demonstrate grounds for leave to amend.

---

[5]      Nor would the fact that the foreclosure sale already has occurred, as Virgilio suggests in his brief on appeal, change this result and allow him to pursue an action to set aside the foreclosure sale. The appellate courts in both *Herrera* and *Fontenot* affirmed a judgment after the sustaining of a demurrer without leave to amend when the plaintiff had sought to set aside a completed nonjudicial foreclosure sale in part on the ground that the note had not been transferred along with the deed of trust. (*Herrera*, *supra*, 205 Cal.App.4th at pp. 1500, 1503-1506; *Fontenot*, *supra*, 198 Cal.App.4th at pp. 260-261, 270-271.) "[A] nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption. [Citations.]" (*Fontenot*, at p. 270.) Virgilio has not met that burden here.

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to recover their costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, Acting P. J.

We concur:


JOHNSON, J.


MILLER, J.<sup>*</sup>

---

<sup>*</sup>      Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11