Filed 8/28/14  Julian v. U.S. Bank Nat. Assn. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| APOLONIO M. JULIAN et al., | B250471 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC484815) |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEALS from orders of dismissal of the Superior Court of the County of Los Angeles.  Ralph W. Dau, Judge.  Orders of dismissal affirmed.

_____

Law Office of Harvey L. Katzman and Harvey L. Katzman for Plaintiffs and Appellants.

Allen Matkins Leck Gamble Mallory & Natsis, Michael R. Farrell and Tim C. Hsu for Defendants and Respondents U.S. Bank National Association, as Trustee, and OneWest Bank N.A.

Fidelity National Law Group and Susan M. Hutchison for Defendants and Respondents Brett Appel and Oliver Baker.

_____

Apolonio M. and Clarita C. Julian appeal from the order of dismissal entered after the trial court sustained without leave to amend a demurrer to the second amended complaint filed by U.S. Bank National Association, as Trustee, and OneWest Bank N.A. The Julians also appeal from the order of dismissal entered after the court granted judgment on the pleadings for Brett Appel and Oliver Baker. The Julians contend that they should be afforded leave to amend the second amended complaint as to U.S. Bank and OneWest Bank and that, because their action is still viable, no basis exists for judgment on the pleadings for Appel and Baker. We disagree and thus affirm the orders of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Second Amended Complaint*

On October 29, 2012, the Julians filed the operative second amended complaint against a variety of defendants alleging six causes of action relating to the nonjudicial foreclosure sale of real property they had owned in Los Angeles. Against U.S. Bank and OneWest Bank, the Julians alleged causes of action for (1) rescission of a residential loan transaction; (2) set aside of a notice of trustee's sale and notice of default; (3) set aside of a trustee's deed upon sale; (4) cancellation of recorded instruments; (5) quiet title; and (6) accounting. The quiet title cause of action also named Appel and Baker, who had taken title to the property after the sale. The Julians attached to the second amended complaint and incorporated by reference documents relating to their purchase of the property, the loan obtained on the property and the nonjudicial foreclosure sale.

2. *The Demurrer and the Trial Court's Ruling*

On November 16, 2012, U.S. Bank and OneWest Bank filed a demurrer to the second amended complaint, maintaining that the changes made to the first amended complaint did not alter the legal effect of the pleading and that the Julians had failed to state a cause of action against them. The trial court sustained the demurrer without leave to amend. According to the court, the Julians "have failed to allege any new facts or claims that would salvage the [second amended complaint] from demurrer and [they] assert the same previously rejected claims of misconduct on the part of the originating

2

lender . . . . However, similarly to the [first amended complaint], [the Julians] fail to explain how any of the alleged conduct can be attributable to U[.]S[.] Bank or OneWest Bank, or even how any of those allegations serve as a basis to unwind a validly conducted non[]judicial foreclosure. . . . Finally, [the Julians] have not alleged tender of the full amount of indebtedness and have not alleged sufficient facts to overcome the presumption that the non[]judicial foreclosure was conducted regularly and fairly." The court entered an order of dismissal of the action as to U.S. Bank and OneWest Bank. The Julians filed a notice of appeal.

3.     *The Motion for Judgment on the Pleadings and the Trial Court's Ruling*

On April 29, 2013, Appel and Baker filed a motion for judgment on the pleadings, contending in part that, because the demurrer of U.S. Bank and OneWest Bank had been sustained without leave to amend and they had obtained title to the property from U.S. Bank, the Julians lacked a viable quiet title cause of action against them. The trial court granted judgment on the pleadings for Appel and Baker, finding that the alleged facts did not state a cause of action to quiet title. The court entered an order of dismissal of the action as to Appel and Baker. The Julians filed a notice of appeal.

**DISCUSSION**

In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action. (*Hoffman v. State Farm Fire & Casualty Co.* (1993) 16 Cal.App.4th 184, 189.) We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "Where written documents are the foundation of an action and are attached to the complaint and incorporated therein by reference, they become a part of the complaint and may be considered on demurrer. [Citations.]" (*City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800.) If the complaint does not state a cause of action, we review the denial of leave to amend for an abuse of discretion. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1381.) The plaintiff has the burden to demonstrate that he or she

3

can amend the complaint to cure the legal defects in the pleading. (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 959.) "A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review." (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.)

The Julians contend that the trial court abused its discretion in sustaining the demurrer to the second amended complaint without leave to amend and that they should be permitted to amend their complaint again. But the Julians do not offer any facts that they would add to the second amended complaint to suggest they could state a viable cause of action against U.S. Bank or OneWest Bank. In other words, they ask for leave to amend without providing any facts to suggest how they would amend their complaint. Absent the presentation of facts that would change the legal effect of the pleading, the Julians have not met their burden to demonstrate that they are entitled to leave to amend. (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 992 ["To show an abuse of discretion [in denying leave to amend], plaintiff must show in what manner the complaint could be amended and how the amendment would change the legal effect of the complaint, i.e., state a cause of action"].)[1]

---

[1]  The Julians discuss only in general terms some of the causes of action against U.S. Bank and OneWest Bank. We note that the first cause of action for rescission of residential loan transaction related to the loan inception, which did not involve U.S. Bank or OneWest Bank, yet the Julians offer no facts or law to support a cause of action against U.S. Bank or OneWest Bank under these circumstances. Nor do their three causes of action to unwind the nonjudicial foreclosure sale state facts to overcome the presumption of the sale's validity. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270 ["nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption"].) In addition, the Julians did not dispute the indebtedness on the property loan and failed to allege an offer to tender, which also defeats the causes of action attempting to unwind the sale as well as the quiet title cause of action. (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578 ["action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security"]; *Miller v. Provost* (1994) 26 Cal.App.4th 1703, 1707 [equitable principle exists "that a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"].) The cause of action for an accounting fails because the Julians did not allege any amount owed to them. (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179 ["cause of

As to the judgment on the pleadings in favor of Appel and Baker, the Julians contend the order of dismissal as to that ruling should be reversed only because the trial court erred in not affording them leave to amend their second amended complaint. Because the Julians failed to show a basis for leave to amend the second amended complaint, they also have not presented a ground for undoing the judgment on the pleadings for Appel and Baker.

## DISPOSITION

The orders of dismissal as to the sustaining of the demurrer to the second amended complaint without leave to amend for U.S. Bank and OneWest Bank and as to the granting of judgment on the pleadings for Appel and Baker are affirmed.  Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.                    JOHNSON, J.

---

action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting"].)

5