Filed 9/7/16  Walker v. Andrews CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KEVIN J. WALKER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>RAYMOND ANDREWS, et al.,<br><br>    Defendants and Respondents. | F071707<br><br>(Super. Ct. No. S-1500-CV-262425)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Kevin J. Walker, in propria persona, for Plaintiff and Appellant.

Burke, Williams & Sorensen, Susan E. Coleman and Kristina Doan Gruenberg, for Defendants and Respondents.

-ooOoo-

Kevin Jesse Walker (Walker), appearing in propria persona, appeals from a judgment entered in favor of respondents R. Andrews, J. Akanno, T. Craig, M. Minneci, T. Bucholz, E. Noriega, G. Nichols, S. Snellen and The Geo Group, Inc. (GEO) (collectively respondents), on his complaint for damages arising out of his contraction of valley fever while he was incarcerated at Taft Correctional Institution (TCI).

Respondents obtained judgment on the pleadings on the ground that Walker's claims were barred by the doctrine of res judicata, as he had asserted the same claims in two prior federal district court actions, which were resolved against him on the merits. On appeal, he argues that the trial court erred in granting the motion because he is asserting different claims in the state court action. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

*Federal Case No. 1*

Walker first filed a lawsuit in the United States District Court for the Eastern District of California in June 2002, entitled *Walker v. United States of America, et al.*, Case No. CIV-F-02-5801-AWI-LJO. The second amended complaint, which Walker filed in August 2005, became the operative complaint in that action. In it, Walker brought state and federal claims alleging that the defendants knowingly exposed him to the fungus that is known to cause valley fever by transferring him to TCI and then failing to properly diagnose and treat him for his condition. The named defendants were: (1) the United States of America; (2) GEO (sued as Wackenhut Corporation); (3) TCI; (4) Warden Andrews, Dr. Akanno, Assistant Warden Craig, Registered Nurse Minneci, Lieutenant Bucholz, Nurse Practitioner Snellen, Nurse Noriega, and Licensed Vocational Nurse Nichols (collectively the prison employees); and (5) United States Bureau of Prisons (BOP) defendants Director Lappin, Director of Medicine Kindeg, Assistant Medical Director Thomas, and oversight specialist Currier.

In October 2006, the magistrate judge recommended that Walker be allowed to proceed only on his claim against the United States under the Federal Tort Claims Act (FTCA), and that his Eighth Amendment claims under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics* (1971) 403 U.S. 388 (*Bivens*), which were alleged against all defendants, be dismissed for failing to state a claim upon which relief can be granted.

In May 2007, the district court judge adopted these recommendations in part, and dismissed the constitutional claims against the United States, BOP, TCI, and GEO, and

2.

the FTCA claims against the BOP defendants. The action then proceeded on the *Bivens* claims against the BOP and prison employees for violations of Walker's Eighth Amendment rights, and against the United States, the prison employees, TCI and GEO for torts alleged in the complaint. The district judge referred the case back to the magistrate judge for further screening of the Eighth Amendment claims against the BOP and prison employees, and the tort claims against TCI, GEO, and the prison employees, to determine whether Walker stated claims under Rule 8 of the Federal Rules of Civil Procedure.

In May 2008, after screening the remaining claims in Walker's second amended complaint, the magistrate judge recommended that the action proceed against: (1) the United States on the FTCA claims; (2) the BOP employees and prison employees for violation of Walker's rights under the Eighth Amendment; and (3) the prison employees, TCI and GEO for state tort claims brought outside the FTCA. The magistrate judge further recommended that all other claims be dismissed. In July 2008, the district judge adopted these recommendations. In September 2009, the United States and the BOP defendants were dismissed from the action by way of a motion to dismiss.

In December 2010, GEO and the prison employees filed a motion for summary judgment on the grounds that the undisputed evidence showed Walker could not maintain an Eighth Amendment claim, as there was no evidence of deliberate indifference to his medical needs, or state tort claims, as there was no evidence that his medical care and treatment fell below the standard of care.

In September 2011, the magistrate judge issued findings and a recommendation to grant the motion, as the defendants' evidence clearly established, without dispute, that Walker was not subjected to deliberate indifference to his serious medical needs, and his medical care was appropriate and within the community medical standards of care, and Walker did not meet his burden by coming forward with any evidence of deliberate indifference or negligence. In February 2012, the district judge adopted the findings and

recommendation, granted the summary judgment motion, entered judgment in favor of GEO and the prison employees, and directed the court clerk to close the case.

### Federal Case No. 2

One month after Walker filed Federal Case No. 1, he filed a second action in the United States District Court for the Eastern District of California, *Walker v. Wackenhut Corrections Corporation, et al.*, Case No. CIV-F-02-5851-AWI-DLB. Walker brought state and federal claims alleging failure to treat his valley fever against Wackenhut Corrections Corporation, Akanno, and Minneci.

In May 2003, the magistrate judge issued findings and a recommendation that the case be dismissed with prejudice because Walker did not respond to the court's prior order requiring him to show cause why the action should not be dismissed for failure to prosecute. In June 2003, the district judge adopted the findings and recommendations and dismissed the action with prejudice.

### This Lawsuit

In November 2007, Walker filed this state court case against GEO, and prison employees Andrews, Akanno, Craig, Minneci, Bucholz, Snellen, Noriega, and Nichols. The complaint alleges eleven causes of action, including malpractice, intentional infliction of emotional distress and deliberate indifference.

The causes of action are based on the following factual allegations: (1) while Walker was a federal inmate at TCI, he was improperly housed and exposed to soil contaminants which caused him to contract valley fever; (2) GEO knew of the soil contaminants and intentionally exposed him and other African-Americans to the contaminants, knowing that African-Americans are highly susceptible to contracting the illness; (3) on July 17, 2001, Walker reported to sick call complaining of shortness of breath, night sweats, and headaches – an x-ray was taken and he was returned to his unit without any further treatment or diagnosis; (4) the next day, Akanno told Walker his lungs were filled with something black, gave him a prescription for two medications and

4.

drew blood for testing; (5) when Walker went to pill-call both that evening and the following day, GEO employees failed to give him any medication; (6) on July 19, 2001, Akanno and nurse Snellen changed his prescription to something they had in stock instead of proper medication; (7) when Walker went to pill-call the following day, Nichols saw that he was covered in boils and lesions, and was spitting up blood, yet did nothing; (8) Walker, whose symptoms were worsening, saw Akanno, Snellen and Minneci a few days later, but they did not examine him and told him he was having an allergic reaction to the medication; (9) Walker complained to BOP staff about his treatment; (10) on July 27, 2001, Walker went to the hospital, where Akanno examined him and "cleared him" even though he had boils and lesions over his entire body, and Minneci ordered Bucholz to place him in the special housing unit, where he remained until August 3, 2001; (11) on July 30, 2001, he was diagnosed with valley fever; (12) on August 3, 2001, Walker saw an infectious disease specialist, who told him that the valley fever had disseminated, for which there is no known cure.

In April 2008, respondents filed a demurrer on the grounds that Walker's claims against GEO, Akanno, and Minneci, were barred by the doctrine of res judicata because the federal district court dismissed these defendants with prejudice in Federal Case No. 2. Respondents also requested that the case be abated as to the remaining defendants while Federal Case No. 1 was pending, since the two cases involved the same allegations and parties. In June 2008, the trial court sustained the demurrer and abated this action pending the resolution of Federal Case No. 1.

In January 2014, Walker filed a motion to lift the stay because Federal Case No. 1 had been resolved. The trial court lifted the stay in February 2014, and reinstated the case to the active trial calendar.

In February 2015, respondents moved for judgment on the pleadings on the ground that Walker's claims were barred by res judicata, as (1) the issues decided in the two federal cases were identical with the issues in the instant action, (2) Walker's claims

5.

in the federal cases were litigated on the merits and dismissed, and (3) the defendants in the state court action were defendants in at least one of the federal cases.  Walker opposed the motion, arguing that the claims against respondents in the state action are state law claims which were not decided in the federal cases.[1]  Following a hearing in March 2015, the trial court took the matter under submission.  It subsequently issued a minute order in which it granted the parties' requests for judicial notice, granted the motion, and ordered respondents to prepare a written order.  On April 6, 2015, a written order was filed in conformity with the minute order.  Judgment was entered in respondents' favor on April 13, 2015.

## DISCUSSION

*Standard of Review*

"In an appeal from a motion granting judgment on the pleadings, we accept as true the facts alleged in the complaint and review the legal issues de novo.  'A motion for judgment on the pleadings, like a general demurrer, tests the allegations of the complaint or cross-complaint, supplemented by any matter of which the trial court takes judicial notice, to determine whether plaintiff or cross-complainant has stated a cause of action. [Citation.]  Because the trial court's determination is made as a matter of law, we review the ruling de novo, assuming the truth of all material facts properly pled.' " (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166; see also *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.)  "[T]he judgment will be affirmed if it is proper on any grounds raised in the motion even if the court did not rely on those grounds." (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989; see *Mack v.*

---

[1] Walker also filed a request for judicial notice of three documents, which is not part of the appellate record.  However, one of the documents, Walker's deposition transcript in Federal Case No. 1, is included in the clerk's transcript.  The other two documents, which are not in the record, appear to be rulings by the magistrate judge in Federal Case No. 1.

*State Bar* (2001) 92 Cal.App.4th 957, 961.) "[W]e are not bound by the determination of the trial court, but are required to render our independent judgment on whether a cause of action has been stated." (*Hoffman v. State Farm Fire & Casualty Co.* (1993) 16 Cal.App.4th 184, 189.)[2]

*Motion to Augment Record*

On December 30, 2015, after Walker filed his opening brief on appeal, respondents filed a motion to augment the record with the following documents that were filed in the trial court: (1) respondents' Motion for Judgment on the Pleadings; (2) respondents' Reply to Plaintiff's Opposition to Motion for Judgment on the Pleadings; and (3) Walker's complaint. Respondents asserted that augmentation was proper because Walker had requested that the motion be included in the clerk's transcript, yet it appeared to have been inadvertently omitted, and while Walker had not designated the complaint for inclusion, a copy was necessary to facilitate appellate review of his claims.

Walker opposes the augmentation. He argues he is prejudiced by it because he prepared his opening brief based only on the record that the clerk's office produced, and if augmentation is allowed, his rights in this appeal will be prejudiced.

We deferred ruling on the request, which we now grant. California Rules of Court, rule 8.155(a)(1)(A), allows a reviewing court, on the motion of any party, to order the record augmented at any time to include any document filed in the case in the superior court. The documents at issue in the augmentation request were filed in the superior court and are necessary for us to review Walker's claim that the trial court erred in granting respondents' motion for judgment on the pleadings. Although Walker complains that he is prejudiced by the augmentation, he actually would be prejudiced if

---

**2** Since our review is de novo, it is irrelevant whether, as Walker claims, the trial court failed to consider the relevant factors, Walker's primary right, or the difference in the causes of action.

the record were not augmented, as we would not have an adequate record to review his claims.  (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [failure to provide an adequate record on an issue requires that the issue be resolved against appellant].)

*Res Judicata*

Walker argues the present action is not barred by res judicata.  Res judicata, or claim preclusion, bars the relitigation of the same cause of action in a subsequent suit between identical parties or parties with whom they are in privity.  (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896–897 (*Mycogen*).)  Res judicata also bars claims that could have been brought in the prior action.  (*Planning and Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 226.)  The purpose of res judicata is to "preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation."  (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 829.)  In essence, it precludes the piecemeal litigation of claims.  (*Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th 1234, 1245.)

Res judicata applies if "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties in the prior proceeding."  (*Federation of Hillside and Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202.)  Here, the first and third elements are undisputed, because the decisions in the federal cases were final and on the merits, and Walker and respondents were parties in the prior and present actions.  Walker, however, contends the second requirement – that the present proceeding is on the same cause of action as the federal cases – has not been satisfied.

While the doctrine of res judicata precludes parties from relitigating a cause of action that has been finally determined by a court of competent jurisdiction, federal and state courts define "cause of action" differently.  (*Gamble v. General Foods Corp.* (1991) 229 Cal.App.3d 893, 898 (*Gamble*).)  "The federal courts utilize a transactional analysis;

8.

i.e., two suits constitute a single cause of action if they both arise from the same 'transactional nucleus of facts' [citation] or a single 'core of operative facts.' [Citation.] California follows the primary right theory of Pomeroy; i.e., a cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. [Citation.] Thus, two actions constitute a single cause of action if they both affect the same primary right. Where, as here, an action is filed in a California state court and the defendant claims the suit is barred by a final federal judgment, California law will determine the res judicata effect of the prior federal court judgment on the basis of whether the federal and state actions involve the same primary right." (*Ibid.*)

A primary right is the plaintiff's right to be free from the particular injury suffered, and therefore must be distinguished from the legal theory on which liability for that injury is premised and the remedy sought. (*Mycogen*, *supra*, 28 Cal.4th at p. 904.) " ' "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." ' " (*Ibid.*) " ' "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." ' " (*Ibid.*)

Thus, under our Supreme Court's formulation of the primary right theory, the primary right in this case is neither the legal theories of recovery nor the remedy sought, but rather Walker's right to be free from the particular injury suffered. In this case, the particular injury alleged to have been suffered in both the federal cases and the instant action is Walker's exposure to the spores alleged to cause valley fever, which led to him contracting the disease, and the worsening of his illness due to respondents' failure to properly diagnose and treat him. The fact that the causes of action, i.e., the legal theories

9.

of recovery, were different between the federal and state actions, as were the remedies sought, does not affect the primary right.

In the federal actions, Walker claimed he contracted valley fever because GEO failed to take reasonable measures to abate the substantial risk to inmates of contracting the spore that purportedly causes valley fever.  In addition, alleging nearly identical facts as his state court complaint, Walker claimed his disease progressed because respondents delayed his blood results, and he incurred pain and suffering when he was placed in the special housing unit undiagnosed and without medication.

In his state court action, Walker alleges the same injury – that he contracted valley fever due to being improperly housed and exposed to soil contaminants, of which GEO was aware, and his condition worsened due to delays in treatment and being abandoned in the special housing unit.  Although he recast some of his claims, for example by alleging respondents' conduct violated the Unruh Civil Rights Act, Civil Code section 51 et seq., and entitled him to punitive damages under Civil Code section 3294, those claims were simply new theories seeking redress for the same harm: his contracting valley fever while incarcerated at TCI and the worsening of his disease due to delays in treatment. The harm is the same, and the asserted primary right is the same.

Thus, the state court action is barred because it is based on the same primary right for which Walker sought redress against respondents in the federal court actions.

## **DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to respondents.

_____
GOMES, J.

WE CONCUR:


_____
HILL, P.J.


_____
SMITH, J.