Filed 6/5/14  Zulli v. Ghanem CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BASSAM GHANEM, M.D.,<br><br>    Defendant and Respondent. | 2d Civil No. B250328<br>(Super. Ct. No. 56-2011-00402117-CU-MM-SIM)<br>(Ventura County) |


Brian Zulli, proceeding in propria persona, appeals from a judgment of dismissal entered after the trial court sustained, without leave to amend, the demurrer of Bassam Ghanem, M.D., respondent, to appellant's second amended complaint.  The 202-page complaint alleged 11 causes of action.  Because appellant's opening brief completely fails to comply with the rules of appellate procedure (rules), we deem the appeal to be abandoned and dismiss it.

This is the second time that we have dismissed an appeal filed by appellant for failure to comply with the rules.  Last year we dismissed the appeal in *Zulli v. Graham* (June 27, 2013, Ventura Super. Ct. No. 56-2011-00402116-CU-MM-SIM) B242729.  In *Graham* appellant was also appealing from a judgment of dismissal entered after the trial court sustained a demurrer without leave to amend.  Both the instant case and *Graham* arose from the death of appellant's mother which was allegedly due to medical malpractice.  As Appendix A to this opinion, we attach a copy of the *Graham* opinion,

1

which we judicially notice. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1530, fn. 7.)

*Standard of Review*

"In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action. [Citation.] We treat the demurrer as admitting all facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. [Citation.] If we agree the complaint does not state a cause of action, we review the denial of leave to amend for an abuse of discretion. [Citation.]" (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 381.)

*Rules of Appellate Procedure*

" 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) "Hence, conclusory claims of error will fail." (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

The California Rules of Court provide: "An appellant's opening brief must . . . [p]rovide a summary of the significant facts limited to matters in the record." (*Id.*, rule 8.204(a)(2)(C).) Each factual reference must be supported "by a citation to the volume and page number of the record where the matter appears." (*Id.*, rule 8.204(a)(1)(C).)

"[Appellant] is not exempt from the foregoing rules because he is representing himself on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney. [Citation.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.

[Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

*Discussion*

Appellant's opening brief completely fails to comply with the rules. Appellant omits a summary of the significant facts with supporting citations to the record. The statement of facts and argument sections of the brief are identical. The argument consists of conclusory allegations without any factual or legal analysis.

"We are not required to search the record to ascertain whether it contains support for [appellant's] contentions. [Citation.] . . . [¶] . . . [I]t is not this court's function to serve as [appellant's] backup appellate counsel." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546; see also *In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' arguments for them"]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why"].)

In a similar situation in *Berger v. Godden* (1985)163 Cal.App.3d 1113, the court concluded: "[I]t is appropriate . . . to deem the appeal abandoned and to dismiss it. . . . Appellant's [opening] brief . . . simply failed to make any arguments to support any theory of error." (*Id*., at p. 1120, fn. omitted.) The court continued: "[A]ppellant's failure to present any pertinent or intelligible legal argument in his opening brief constitutes an abandonment of the appeal . . . . In this circumstance, dismissal of the appeal, with no consideration on the merits as to the correctness of the judgment . . . from which the appeal is taken, is the proper disposition." (*Ibid*.)

In *Berger* the original opening brief was struck for failure to comply with the rules. The appellate court deemed the appeal to be abandoned after the second brief also failed to comply with the rules. Here, on the other hand, there is no second brief because appellant's opening brief was not struck. But this is a distinction without a difference. The *Berger* court's holding is not limited to second briefs: "[W]e . . . hold that failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an

3

opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1119.) The *Berger* court noted: "Although we are considering a second brief in this case, we know of nothing to preclude an appeal from being deemed abandoned by virtue of an initial brief's failure to present pertinent or comprehensible argument." (*Id.*, at p. 1120, fn. 7.)

In view of our dismissal of appellant's previous appeal in *Zulli v. Graham*, *supra*, for failure to comply with the rules, it is particularly appropriate for us to exercise our discretion to dismiss the instant appeal for the same reason. In *Graham* appellant was forewarned that his failure to comply with the rules in a future appeal would result in the dismissal of that appeal. Moreover, it appears that appellant knew that his opening brief in the instant appeal did not comply with the rules. In the first paragraph of the brief, appellant states: "The Court should grant the Appellant the widest latitude to allow him to have his day in Court. The Court should consider the rights of the Appellant *over simple rule following*." (Italics added.)

*Disposition*

The appeal is dismissed. Respondent shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

4

Filed 6/27/2013

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GEOFFREY GRAHAM, M.D.,<br><br>    Defendant and Respondent. | 2d Civil No. B242729<br>(Super. Ct. No. 56-2011-00402116-CU-MM-SIM)<br>(Ventura County) |

Brian Zulli, proceeding in propria persona, appeals from a judgment of dismissal entered after the trial court sustained, without leave to amend, the demurrer of Geoffrey Graham, M.D., respondent, to appellant's second amended complaint. The complaint alleged two causes of action. The first was entitled "CRIMINAL NEGLIGENCE WITH BATTERY / MEDICAL MAL PRACTICE WITH VIOLATIONS OF EMTALA."[1] (Bold omitted.) The second cause of action was for wrongful death. Because appellant's opening brief completely fails to comply with the rules of appellate procedure, we deem the appeal to be abandoned and dismiss it.

*Standard of Review*

---

[1] "EMTALA" is an abbreviation for the federal Emergency Medical Treatment and Labor Act. (42 U.S.C. § 1395dd.)

1

"In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action. [Citation.] We treat the demurrer as admitting all facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. [Citation.] If we agree the complaint does not state a cause of action, we review the denial of leave to amend for an abuse of discretion. [Citation.]" (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 381.)

*Rules of Appellate Procedure*

" 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699 -700.) "Hence, conclusory claims of error will fail." (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

The California Rules of Court (Rules) provide: "An appellant's opening brief must . . . [p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(d)(C).) Each factual reference must be supported "by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).)

The Rules also require that a brief "[s]tate each point under a separate heading or subheading summarizing the point . . . ." (Rule 8.204(a)(1)(B).) "This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citations.]" (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

2

"The failure to head an argument as required by California Rules of Court, rule [8.204(a)(1)(B)] constitutes a waiver. [Citations.]" (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)

"[Appellant] is not exempt from the foregoing rules because he is representing himself on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney. [Citation.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

*Discussion*

Appellant's opening brief completely fails to comply with the rules of appellate procedure. Appellant omits a summary of the significant facts with supporting citations to the record. He has not "[s]tate[d] each point under a separate heading or subheading summarizing the point . . . ." (Rule 8.204(a)(1)(B).) The brief consists of conclusory allegations without any factual or legal analysis. Although appellant cites legal authorities, he does not explain how these authorities apply to this case.

"We are not required to search the record to ascertain whether it contains support for [appellant's] contentions. [Citation.] . . . [¶] . . . [I]t is not this court's function to serve as [appellant's] backup appellate counsel." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546; see also *In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' arguments for them"]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why"].)

"Consequently, it is appropriate for this court to deem the appeal abandoned and to dismiss it. . . . Appellant's [opening] brief . . . simply failed to make any arguments to support any theory of error." (*Berger v. Godden* (1985)163 Cal.App.3d 1113, 1120, fn. omitted.) "[A]ppellant's failure to present any pertinent or intelligible legal argument in his opening brief constitutes an abandonment of the appeal . . . . In this circumstance,

3

dismissal of the appeal, with no consideration on the merits as to the correctness of the judgment . . . from which the appeal is taken, is the proper disposition."  (***Ibid***.)[2]

Even if we were to consider the merits of the appeal, appellant would not prevail. His causes of action are based on the allegedly negligent medical care of his mother, Sylvia Zulli.  Because of the negligent care, "Sylvia Zulli suffered a stroke . . . and died on May 13, 2010."  Appellant sued respondent, four other doctors, a hospital, and various medical groups.[3]

The complaint alleges that all of the defendants "failed to prescribe blood thinners Cumidin [Coumadin] when [Sylvia was] discharged [from hospital] on March 25, 2010." From March 12 through March 25, and March 29 through March 30, 2010, defendants also "[f]ailed to screen and provide medical treatment of an urgently needed ERCP [endoscopic retrograde cholangiopancreatogram] Procedure / a closed bial [bile] duct, a life or death emergency."  On March 29, 2010, Sylvia had a stroke and was rushed to Paso Robles Hospital.  "Defendants failed to provide medical treatment for a stroke on March 29, 30, 2010."

---

[2] In *Berger* the original opening brief was struck for failure to comply with the Rules. The appellate court deemed the appeal to be abandoned after the second brief also failed to comply with the Rules.  Here, on the other hand, there is no second brief because appellant's opening brief was not struck.  But this is a distinction without a difference. The *Berger* court noted: "Although we are considering a second brief in this case, we know of nothing to preclude an appeal from being deemed abandoned by virtue of an initial brief's failure to present pertinent or comprehensible argument."  (*Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1120, fn. 7.)  The *Berger* court's holding is not limited to second briefs: "[W]e . . . hold that failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (***Id***., at p. 1119.)

[3] In a separate appeal in another case arising out of Sylvia's allegedly negligent medical care and death, we affirmed a judgment of dismissal entered after the trial court sustained, without leave to amend, the defendant's demurrer. (*Zulli v. Mora* (June 6, 2013) B242702.)

The following allegations in the complaint are the only ones that specifically apply to respondent: "On March 30, 2010, [after Sylvia had suffered a stroke and had been admitted to Paso Robles Hospital, respondent] told [appellant] he refused to treat Sylvia Zulli [and that] she is going to die. He said Sylvia Zulli has brain cancer, liver cancer, lung cancer, kidney cancer and pancreatic cancer. [Appellant] had Sylvia Zulli brought to Simi Valley Hospital. [Respondent] called Elder Abuse and Simi Valley Hospital and Cedars Hospital [correct name is Cedars-Sinai Medical Center] trying to keep Sylvia Zulli from having medical treatment provided that would save her life." Appellant alleged that Sylvia was admitted to Simi Valley Hospital on March 30, 2010, the same day that respondent refused to treat her at Paso Robles Hospital. "Doctor Yu from Simi Valley Hospital said to [appellant that] Sylvia Zulli is suffering a stroke due to no blood thinners. Sylvia is put on Lovenox [a blood thinner] immediately."

The complaint's allegations are insufficient to state a cause of action against respondent. The complaint does not allege that Sylvia was under respondent's care before March 30, 2010. Thus, he could not have been responsible for the failure to prescribe blood thinners when Sylvia was discharged from the hospital on March 25, 2010.

Moreover, the complaint does not state facts showing a causal connection between respondent's alleged refusal to treat Sylvia on March 30, 2010, and her death 44 days later on May 13, 2010. On March 30 appellant had Sylvia discharged from Paso Robles Hospital and placed in Simi Valley Hospital, where Dr. Yu immediately began treating her with blood thinners for the stroke. Appellant does not explain how this short delay in treatment contributed to Sylvia's death.

The lack of a causal connection was the trial court's reason for granting the demurrer: "[D]espite being told what needed to be addressed, [appellant] has failed to set forth a clear causal connection between the acts and or omissions of [respondent] and the stroke/death of Sylvia." The trial court was correct: "[W]hen . . . ' "the pleaded facts of negligence and injury do not naturally give rise to an inference of causation[,] the plaintiff must plead specific facts affording an inference the one caused the others." '

5

[Citation.] That is, the plaintiff must allege facts, albeit as succinctly as possible, explaining how the conduct caused or contributed to the injury. [Citations.]" (*Bockrath v. Aldrich Chemical Co., Inc.* (1999) 21 Cal.4th 71, 78-79.)

In addition, appellant failed to allege facts sufficient to state a cause of action for "criminal negligence with battery." "The battery theory should be reserved for those circumstances when a doctor performs an operation to which the patient has not consented." (*Cobbs v. Grant* (1972) 8 Cal.3d 229, 240.) Appellant did not allege that respondent had performed surgery on Sylvia. He alleged that respondent had refused to treat her.

### *Disposition*

The appeal is dismissed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Brian Zulli, in pro per, Appellant.

Bertling & Clausen; Steve H. Shlens, for Respondent.

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Brian Zulli, in pro per, Appellant.


Hertzfeld & Rubin, Michael A. Zuk, Vadim Braslavsky, for Respondent.