[No. B241535. Second Dist., Div. One. Sept. 27, 2012.]

MICHAEL JEROME HOLLAND, Plaintiff and Respondent, v. KELLY ANN JONES, Defendant and Appellant.

**COUNSEL**

Ekerling & Doherty and Howard L. Ekerling for Defendant and Appellant.

Michael Jerome Holland, in pro. per., for Plaintiff and Respondent.

**OPINION**

**ROTHSCHILD, Acting P. J.**—Michael Jerome Holland filed a complaint for libel against his ex-wife Kelly Ann Jones as a limited jurisdiction matter, alleging that she maliciously made false statements about him in a declaration she had filed in their marital dissolution proceeding. The trial court granted Jones's special motion to strike the complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute, on the ground that it was based on statements protected by the litigation privilege in Civil Code section 47, subdivision (b). Holland moved for reconsideration, and Jones moved for attorney fees as the prevailing defendant on an anti-SLAPP motion. The court denied reconsideration, vacated its order granting the special motion to strike, sua sponte elected to treat the special motion to strike as a demurrer, sustained the demurrer without leave to amend and directed that the motion for attorney fees under the anti-SLAPP statute was moot.

Holland appealed to the appellate division of the superior court, which apparently construed the appeal from the order sustaining a demurrer without leave to amend as an appeal from an order of dismissal. The appellate division then reversed the order of dismissal, concluding that the exception to the litigation privilege in Civil Code section 47, subdivision (b)(1), for an allegation in an affidavit filed in a marital dissolution proceeding potentially applied because Holland alleged that Jones had made the statements about him with malice. According to the appellate division, although Holland's claim of malice "may be conclusory, he has raised the issue of whether the allegations in the declaration were made with malice, so as to be exempt from the privilege pursuant to Civil Code section 47, subdivision (b)(1)," and thus

should be afforded "a reasonable opportunity to adequately plead facts supporting his [claim] of malice." After the appellate division denied Jones's petition to certify the cause to the appellate court, she petitioned this court to transfer the cause. We granted the petition, issuing an order transferring the cause to the appellate court pursuant to California Rules of Court, rules 8.1002 and 8.1008. After briefing by the parties, we now reverse the decision of the appellate division. The exception to the litigation privilege on which the appellate division relied may apply only to statements made in a marital dissolution proceeding by or against a third party, not under the circumstances of this case when the statements are made against a party to the action.

In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action. (*Hoffman v. State Farm Fire & Casualty Co.* (1993) 16 Cal.App.4th 184, 189 [19 Cal.Rptr.2d 809].) We treat the demurrer as admitting all facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 [62 Cal.Rptr.3d 614, 161 P.3d 1168].) If we agree the complaint does not state a cause of action, we review the denial of leave to amend for an abuse of discretion. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1381 [272 Cal.Rptr. 387].) The plaintiff has the burden to demonstrate that he can amend his complaint to cure the legal defects in the pleading. (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 959 [93 Cal.Rptr.2d 413].)

"The litigation privilege of Civil Code section 47, subdivision (b) . . . , generally protects from tort liability any publication made in connection with a judicial proceeding." (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 952 [56 Cal.Rptr.3d 477, 154 P.3d 1003].) " 'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.' [Citation.]" (*Id.* at p. 955.) " 'The purposes of section 47, subdivision (b), are to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation.' [Citation.] Another purpose is to 'promote[] effective judicial proceedings' by encouraging full communication with the courts. [Citation.] To further these purposes, the privilege has been broadly

applied. It is absolute and applies regardless of malice. [Citations.]" (*Id.* at pp. 955–956.)

The privilege has several narrow exceptions. As relied on by the appellate division in this case, "[a]n allegation or averment contained in any pleading or affidavit filed in an action for marital dissolution or legal separation made of or concerning a person by or against whom no affirmative relief is prayed in the action shall not be a privileged publication or broadcast as to the person making the allegation or averment within the meaning of . . . section [47, subdivision (b),] unless the pleading is verified or affidavit sworn to, and is made without malice, by one having reasonable and probable cause for believing the truth of the allegation or averment and unless the allegation or averment is material and relevant to the issues in the action." (Civ. Code, § 47, subd. (b)(1).)

■ Jones's statements, whether true or false or made with malice or without, in her declaration filed in the marital dissolution proceedings, on which Holland bases his defamation cause of action against her, fall squarely within the litigation privilege. They are communications made in a judicial proceeding by a litigant to achieve the objects of the litigation with some connection to the action. Jones filed the declaration in support of an application wherein she was seeking affirmative relief from Holland, including modification of child custody and support orders, in the context of her marital dissolution proceeding. The exception to the litigation privilege on which the appellate division relied simply does not apply to Jones's statements. That exception may under certain circumstances apply to statements in an affidavit filed in a marital dissolution proceeding when they are "made of or concerning a person by or against whom no affirmative relief is prayed in the action . . . ." (Civ. Code, § 47, subd. (b)(1).) Jones, however, made the statements about Holland, who is not a person against whom no affirmative relief is prayed in the action. Rather, Holland was a party to the action and the very person from whom Jones was seeking relief, namely, a change in the child custody and support orders. Thus, contrary to the appellate division's decision, the exception does not apply, and the litigation privilege bars Holland's defamation action against Jones. As Holland has presented no basis on which he can amend his complaint to avoid the litigation privilege, the trial court properly sustained a demurrer to his complaint without leave to amend.[1]

---

[1] Holland moved to augment the record with certain documents that already are in the trial court record and with other documents that are not relevant to the legal issue in this appeal regarding the litigation privilege. We, therefore, deny the motion to augment the record.

## DISPOSITION

The decision of the appellate division is reversed and the cause is remanded with directions for the appellate division to return the matter to the limited jurisdiction court to enter an order of dismissal of Holland's action. Jones is entitled to recover her costs on appeal.

Chaney, J., and Johnson, J., concurred.