Filed 11/7/24  Bent v. Goger CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JAMES BENT, | |
| Plaintiff and Appellant, | E083575 |
| v. | (Super.Ct.No. CVRI2301594) |
| DEBORAH GOGER, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.  Affirmed.

James Bent, in pro per., for Plaintiff and Appellant.

Law Office of Adam Dolce and Adam Dolce for Defendant and Respondent.

Plaintiff and appellant James Bent was sued by defendant and respondent Deborah Goger.  That lawsuit (Case No. CVRI2104662) resulted in a judgment against Bent, which Bent has appealed (Case No. E081941).  That appeal remains pending in this court; as of this writing, it is not yet fully briefed.

1

Bent then filed this separate lawsuit (Case No CVRI2301594) against Goger and her attorney, defendant Adam Dolce. Bent describes this lawsuit as "aris[ing] out of a conspiracy between [Goger and Dolce] to lie and deceive the Honorable Court in pre-trial proceedings and the Judge and Jury at trial" in the first lawsuit. The trial court granted Goger's anti-SLAPP motion. We affirm that ruling.[1]

FACTS

In October 2021, Goger sued Bent, alleging causes of action for financial elder abuse, fraudulent misrepresentation, ejectment, and quiet title. She began self-represented, but later, including at the August 2023 trial, Dolce appeared as her counsel. The jury found in Goger's favor in all respects. The judgment awarded Goger $191,980 in compensatory damages and $33,000 in punitive damages. It also quieted title in the disputed property in favor of Goger, and awarded Goger attorney fees and costs in an amount to be determined separately.

Still in August 2023, representing himself, Bent filed this lawsuit against Goger and Dolce. The operative first amended complaint alleges causes of action for fraud, intentional misrepresentation, negligent misrepresentation, constructive fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of

---

[1] Goger's motion to augment the record is granted. Her reply memorandum in support of her anti-SLAPP motion and supporting documents were not designated by Bent for inclusion in the clerk's transcript. It is appropriate to include all the parties' moving papers in the appellate record, though the documents do not change our analysis.

For the reasons we discuss in the last paragraph of our Discussion section below, Goger's motion for sanctions is denied as moot.

process, and civil conspiracy. The pleaded theory underlying each cause of action is that Goger and Dolce engaged in certain wrongful "actions, inactions, misrepresentations, and conduct" during the first lawsuit, which resulted in the judgment and caused Bent emotional distress. The allegations focus on statements made to the court in connection with discovery motions on which Bent was sanctioned, as well as Goger's trial testimony.

Goger filed her anti-SLAPP motion in January 2024. The trial court granted the motion and awarded Goger $1,701.50 in attorney fees and costs, payable within 30 days.

DISCUSSION

The trial court found that all Bent's claims arise from activity protected by the anti-SLAPP statute, and that he failed to demonstrate his claims had minimal merit. We agree.[2]

A. *Applicable law*

Code of Civil Procedure section 425.16 (section 425.16) "'sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights.'" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940.) "A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the [federal or state] Constitution in connection with a

---

[2] We therefore do not address Goger's alternative argument that Bent "should be disentitled from seeking any appellate relief" because Bent has not paid the $1,701.50 in attorney fees and costs, in violation of the trial court's order that amount be paid within 30 days.

public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail." (*Ibid.*, quoting § 425.16, subd. (b)(1).)

"The anti-SLAPP statute does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) Thus, "[a]nti-SLAPP motions are evaluated through a two-step process." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) "Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Ibid.*) "If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'" (*Ibid.*) At this second stage, the court "does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (*Baral*, *supra*, 1 Cal.5th at pp. 384-385.)

"Analysis of an anti-SLAPP motion is not confined to evaluating whether an entire cause of action, as pleaded by the plaintiff, arises from protected activity or has merit. Instead, courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to

4

has the requisite degree of merit to survive the motion." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010 (*Bonni*).)

"We review de novo the grant or denial of an anti-SLAPP motion." (*Park*, *supra*, 2 Cal.5th at p. 1067.)

B. *Analysis*

Bent contests whether his causes of action against Goger and Dolce arise from protected activity. They do.

It is well established that testimony by a party in a judicial proceeding, whether in a declaration, in a deposition, or at trial, is protected activity. (§ 425.16, subd. (e)(1); *Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal.4th 1106, 1113 ["[P]lainly read, section 425.16 encompasses any cause of action against a person arising from any statement or writing made in, or in connection with an issue under consideration or review by, an official proceeding or body"].) It is also well established that "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 480; § 425.16, subd. (e)(1) & (e)(2).) The alleged actions by Goger and Dolce all fall squarely within one of these two categories of protected activity.

Bent proposes Goger and Dolce's actions should be considered "corroborative evidence" of an underlying conspiracy, and not directly the "target of this lawsuit." Not so. There are no alleged *acts* by Goger or Dolce that were not a part of judicial

5

proceedings, and his briefing does not identify any reason why any claim here is not based on the same litigation conduct. The challenged acts are all communicative statements in those proceedings. And it is the "acts supplying a basis for relief" that matter in the anti-SLAPP analysis, not the plaintiff's framing of the cause of action. (*Bonni*, *supra*, 11 Cal.5th at p. 1010.)

Furthermore, the litigation privilege, codified at Civil Code section 47, subdivision (b), bars each of Bent's causes of action. The litigation privilege provides that a "'publication or broadcast' made as part of a 'judicial proceeding'" is privileged. (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.) "[T]he privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 (*Silberg*).) Oral statements in open court, as well as written statements in pleadings, motions, and other court filings, are core examples of such communications. (E.g., *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 118.)

"To effectuate its vital purposes, the litigation privilege is held to be absolute in nature." (*Silberg*, *supra*, 50 Cal.3d at p. 215.) If a communication falls within its scope, the privilege applies no matter whether it is "true or false or made with malice or without" it. (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 382.) The privilege applies even if the communication is fraudulent. (*Herterich v. Peltner* (2018) 20 Cal.App.5th

6

1132, 1141.) "The only exception to application of [the litigation privilege] to tort suits has been for malicious prosecution actions." (*Silberg*, at p. 216.) Bent has not asserted a malicious prosecution cause of action. (See *Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 230 ["Abuse of process is distinct from the tort of malicious prosecution"].) It follows that Bent's causes of action, based on litigation activities by Goger and Dolce, are each barred by the litigation privilege and have no likelihood of success.

Bent's causes of action arise from acts protected under the anti-SLAPP statute, and he cannot demonstrate any likelihood of success because the litigation privilege applies. The trial court was correct to grant Goger's anti-SLAPP motion.

Goger has moved that we sanction Bent for maintaining a frivolous appeal. The sanctions she requests, however, are just an award of attorney fees and costs on appeal. By statute, a defendant who prevails on an anti-SLAPP motion is entitled to recover attorney fees and costs, *including* those incurred on appeal. (*Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 122; § 425.16, subd. (c)(1).) We here affirm the trial court's grant of Goger's anti-SLAPP motion. She is entitled to attorney fees and costs on appeal on that basis alone, no matter whether Bent's appeal is so lacking in merit as to be frivolous. We therefore deny Goger's sanctions motion as moot, but nevertheless award her attorney fees and costs on appeal, in an amount to be determined by the trial court.

## DISPOSITION

The order granting Goger's anti-SLAPP motion is affirmed.  Goger is awarded attorney fees and costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
          Acting P. J.

MENETREZ
          J.