Filed 5/21/25  Emily S. v. Matthew S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Emily S., | |
| Appellant, | E082868 |
| v. | (Super.Ct.No. ICSIPTSQ2023693) |
| Matthew S., | OPINION |
| Respondent. | |

APPEAL from the Superior Court of Inyo County.  Scott W. Souers, Judge.

Dismissed.

Emily S., in pro. per., for Appellant.

Matthew S., in pro. per., for Respondent.

1

Emily S. and Matthew S. have a school-age daughter. Emily filed a request for temporary emergency orders seeking (1) joint legal and physical custody of the parties' daughter and (2) the removal of their daughter's counsel. After the trial court denied that request, Emily filed a motion for reconsideration. The court also denied the reconsideration motion. Emily appeals from the order denying her request for temporary emergency orders and the order denying her motion for reconsideration. We conclude that the orders are not appealable, and we therefore dismiss the appeal.

BACKGROUND

The record on appeal does not disclose when this case began. But in July 2023, Matthew filed an amended request for orders regarding custody and visitation. The court entered a temporary visitation order at a hearing on Matthew's request and continued the matter to August 2023 for a status conference. The court also appointed counsel to represent the parties' daughter. At the August status conference, the court entered a temporary order giving Matthew "sole legal custody to make decisions regarding healthcare and education." (Capitalization & boldface omitted.) The court also set a contested evidentiary hearing on Matthew's request and scheduled it for September 2023. The record does not contain minutes for a September 2023 evidentiary hearing, a reporter's transcript for any such hearing, or a register of actions. It is unclear whether the hearing occurred as scheduled or what order the court made at that time.

Emily filed her request for temporary emergency orders in December 2023. According to Emily's request, in September 2023, the court ordered that Matthew have sole legal and physical custody of the parties' daughter. Emily sought a temporary order for joint legal and physical custody. She asserted that the child was in public school and was being vaccinated, contrary to Emily's wishes and in violation of Emily's First Amendment right of free exercise of religion. Emily wanted to homeschool the child and "cease all further immunizations." The same request for temporary emergency orders also sought to disqualify the child's counsel, arguing that counsel had falsely accused Emily of certain acts and had ignored evidence of harm caused by Matthew and his girlfriend. Emily further asserted that counsel had a preexisting professional relationship with Matthew's girlfriend.

The court denied Emily's request for temporary emergency orders one day after she filed the request.[1] Four days later, the court held a hearing at which it appointed an expert to conduct a child custody evaluation. The court also set a trial readiness conference and contested hearing for March 2024, and it ordered a holiday visitation schedule. The minute order stated that "[t]he prior temporary custody arrangement will

---

[1] Emily's notice of appeal states that she is appealing from the order entered on December 15, 2023, the date on which the court denied her request for temporary emergency orders. In her opening brief, she asserts that she is not challenging the court's denial of her request for a temporary emergency order removing counsel for her daughter. She states that the child's counsel has since been removed. We therefore dismiss as abandoned her appeal as to the order denying the request for removal of counsel. (*In re Sade C.* (1996) 13 Cal.4th 952, 994 [the reviewing court may deem an appeal abandoned and dismiss the appeal if the appellant fails to raise claims of reversible error].)

resume on January 8, 2024." (Boldface omitted.) It thus appears that the court had not yet entered a permanent custody order and that Matthew's request for custody and visitation orders was still pending.

In late December 2023, Emily moved the court to reconsider its ruling denying her request for temporary emergency orders. The court denied Emily's motion for reconsideration in January 2024.

## DISCUSSION

The existence of an appealable order or "judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) If an "order is not appealable, we must dismiss the appeal." (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.)

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Code of Civil Procedure section 904.1 identifies appealable judgments and orders in civil cases. (*Dana Point Safe Harbor Collective*, at p. 5.) The statute codifies "the one final judgment rule," which provides that an appeal is generally only allowable from a final judgment. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) Prejudgment orders generally "'are not appealable, but are only "reviewable on appeal" from the final judgment.'" (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292-1293 (*Doran*).)

Temporary custody orders in family law cases are not appealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 558-560; *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1089 ["it is well settled that temporary custody orders are nonappealable"].) An order is final and appealable if "no issues in the action remain for further consideration." (*Doran*, *supra*, 76 Cal.App.4th at p. 1293.) An order is interlocutory and nonappealable "if further judicial action is required for a final determination of the rights of the parties." (*Ibid.*) "A temporary custody order is interlocutory by definition, since it is made . . . with the intent that it will be superseded by an award of custody after trial." (*Lester*, at p. 559.) Moreover, no statute authorizes an appeal from a temporary custody order. (*Id.* at p. 558.)

The court's order denying Emily's request for a temporary emergency custody order is not appealable. Emily sought to change the temporary order already in place giving Matthew sole legal and physical custody. The court's final determination of the parties' custody rights was scheduled for trial in March 2024. The order denying Emily's request for a different temporary custody order was interlocutory and thus nonappealable.[2]

In addition, the court's order denying Emily's motion for reconsideration "is not separately appealable." (Code Civ. Proc., § 1008, subd. (g).) If "the order that was the

---

[2]    The court's denial of the temporary emergency custody order may be reviewed on appeal from the final custody determination. (See *In re Marriage of Slayton & Biggums-Slayton* (2001) 86 Cal.App.4th 653, 658 [reviewing a temporary custody order on appeal from the final custody order entered after a contested evidentiary hearing].)

5

subject of a motion for reconsideration is appealable," then "the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (*Ibid.*) But the order that was the subject of Emily's motion for reconsideration—the denial of Emily's request for a temporary emergency custody order—is not appealable. We therefore cannot review the order denying reconsideration as part of the appeal from the underlying order, because that appeal is being dismissed. And because the order denying reconsideration is not itself appealable, we must dismiss the appeal from that order as well.[3]

---

[3] Emily filed a motion to augment and correct the record on March 11, 2025. She seeks to augment the record with minute orders, reporter's transcripts, and a motion that she filed in the trial court. She also seeks to "correct" a statement that she erroneously made, which is reflected in one of the reporter's transcripts. We deny the motion to augment and correct the record. The materials that are the subject of the augmentation request are irrelevant (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 382, fn. 1), because they do not bear on whether the orders at issue are appealable. And although we may order the correction of clerical errors in the record (Cal. Rules of Court, rule 8.155(c)), Emily cites no authority for the proposition that we may correct the record to account for any claimed misstatements at a reported hearing. Nor are we aware of any such authority.

On April 22, 2025, Emily also filed a letter described as her "citations for oral arguments," and she attached reporter's transcripts for two hearings in the trial court. We construe the letter as another motion to augment the record, and we also deny that motion on the ground that the reporter's transcripts are irrelevant.

Emily additionally filed a petition for writ of habeas corpus on April 30, 2025. (*In re Emily S.*, E086019.) We summarily deny that petition by separate order.

Lastly, Emily appeared remotely for oral argument in this court, and she experienced technical difficulties that prevented us from hearing her arguments. We submitted the matter, but after receiving her "Written Oral Argument in Lieu of Appearance," we vacated submission and permitted her to file the written oral argument statement. We also permitted Matthew to file a written statement in response.

## DISPOSITION

The appeal is dismissed.  Matthew shall recover his costs of appeal.  (Cal. Rules of

Court, rule 8.278(a)(2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MENETREZ
J.

We concur:


McKINSTER
Acting P. J.


FIELDS
J.