Filed 6/6/25  Mejia v. Mares CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RUBEN MEJIA,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>JOHANNA MARES et al.,<br><br>     Defendants and Respondents. | E083652<br><br>(Super.Ct.No. CVRI2305277)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Carol A. Greene, Judge.  Affirmed.

Ruben Mejia, in pro. per., for Plaintiff and Appellant.

Doyle Schafer McMahon, Terrence J. Schafer, and Ryan T. Cox for Defendant and Respondent, Johanna Mares.

Charlston, Revich, Harris & Hoffman, Ira Revich, and Tim Harris for Defendants and Respondents, Dawn Elaine Shipley, Bryan Fazio, Theresa DeVries and Kellen Dugan.

1

Lester, Cantrell & Kraus, David Cantrell, and Brad Zurcher for Defendant and Respondent, Burns and Oblachinski, and Heidi Burns, successor in interest to deceased Respondent Michael Burns.

Ruben Mejia brought this legal malpractice action against his court-appointed counsel and others in an underlying dependency case. The trial court sustained defendants' demurrers and gave Mejia leave to amend, but Mejia failed to file an amended complaint. The court entered orders dismissing the action with prejudice as to each defendant, and Mejia appealed. We affirm.

BACKGROUND

I.  *Allegations of the complaint*

Mejia filed his complaint in October 2023, representing himself. He alleged a single cause of action for legal malpractice against Dawn Elaine Shipley, Theresa DeVries, Johanna Mares, Kellen Dugan, Bryan Fazio, Michael Burns, and Burns and Oblachinski, A Professional Corporation dba Juvenile Defense Panel.[1]

According to the complaint and exhibits attached to it, Mejia's children were the subject of a dependency case that started in July 2023. The juvenile court appointed DeVries to represent the children and Shipley to represent Mejia. Mejia tried to file documents before the July 2023 initial hearing on the dependency petition. The superior court clerk refused to accept the documents because Mejia was represented by counsel.

---

[1]     We refer to the Burns and Oblachinski firm as Juvenile Defense Panel. In September 2024, we granted Heidi Burns's motion to substitute herself for Michael Burns as his successor in interest.

2

Mejia left the documents with Juvenile Defense Panel, which refused to file them. On the day of the initial hearing, Shipley allegedly was "belittling" when she met with Mejia. He requested new counsel at the initial hearing, and Shipley declared a conflict. Shipley told the juvenile court that Mejia was being verbally abusive toward her. The juvenile court relieved Shipley and appointed Mares to represent Mejia. Mares also did not file the documents that Mejia wanted to submit to the juvenile court, and she allegedly did not object to anything. The juvenile court detained Mejia's children from him and issued protective custody warrants for the children.

Mejia filed a State Bar complaint against Shipley, and the State Bar investigated and closed the complaint. At some point, the juvenile court relieved Mares and appointed Dugan to represent Mejia. Mejia asked Dugan to appeal the court's order at the initial hearing. Mejia had to ask Dugan to appeal several times, and he copied Dugan's "boss," Burns, on at least one email making that request. Dugan filed the appeal, but the appellate court dismissed it, because the order could only be challenged by writ petition. Mejia filed a State Bar complaint against Dugan, and the attorney asked to be relieved. The juvenile court then appointed Fazio to represent Mejia. Mejia told Fazio that he was going to file a legal malpractice suit against Juvenile Defense Panel and confronted Fazio about the actions of the other attorneys. Fazio said that he was still willing to work with Mejia, but when they went to court, Fazio requested that the juvenile court appoint a guardian ad litem for Mejia. Fazio told the juvenile court that Mejia's behavior concerned Fazio.

3

Mejia alleged that his court-appointed attorneys had failed to submit exculpatory evidence to the juvenile court and deprived him of due process and a fair trial. He also alleged that they colluded with the county to ensure that he lost.

II.    *The demurrers*

Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e); unlabeled statutory references are to this code.) Shipley, Fazio, and Dugan argued that Mejia had not alleged breach of duty or causation. Shipley represented him for a matter of minutes, Fazio and Dugan did not represent him at the initial hearing when the children were detained, and Fazio's request to appoint a guardian ad litem was not a breach of duty. Mares likewise argued that Mejia failed to allege breach of duty or causation; in particular, there were no allegations showing that Mejia would have obtained a more favorable outcome at the initial hearing absent any alleged breach of duty. Juvenile Defense Panel and Burns argued that the complaint failed to allege an attorney-client relationship between them and Mejia, breach of duty, or causation. DeVries similarly argued that the complaint failed to allege an attorney-client relationship between her and Mejia; she was appointed to represent Mejia's children in the underlying dependency case and owed no duty to a nonclient like Mejia.

In December 2023, the trial court sustained Shipley and Fazio's demurrer without leave to amend. In January 2024, the court sustained Mares's demurrer, DeVries's demurrer, and the demurrer of Juvenile Defense Panel and Burns, all with 60 days leave

4

to amend. And in February 2024, the court sustained Dugan's demurrer with 20 days leave to amend.

After Mejia failed to file an amended complaint, defendants filed ex parte applications for an order dismissing the action with prejudice. The court granted the applications and entered orders dismissing the action with prejudice as to each defendant. Mejia filed a notice of appeal from the judgments of dismissal. (See § 581d [written dismissals ordered and signed by the court "shall constitute judgments and be effective for all purposes"]; *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157.)

STANDARD OF REVIEW

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) If the trial court sustains a demurrer with leave to amend, and the plaintiff fails to amend the complaint, then the court may dismiss the action upon a party's motion. (§ 581, subd. (f)(2).) The motion to dismiss the action under those circumstances may be made by ex parte application. (Cal. Rules of Court, rule 3.1320(h).) We review the court's decision

5

to dismiss the action for abuse of discretion. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)

DISCUSSION

Mejia fails to demonstrate that the trial court erred by sustaining the demurrers or that the court abused its discretion by dismissing the action.

First, Mejia argues that his due process rights have been violated, because it was unfair that defendants were representing him in the underlying case and also demurring to the complaint in this case. He has forfeited the argument by failing to support it with any citation to authority. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) In any event, the argument does not explain how the court erred by concluding that Mejia failed to state a cause of action for legal malpractice. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [the appellant bears the burden of demonstrating that the trial court erred].) Mejia chose to file this action, and defendants were entitled to defend themselves against it. They had to respond to the complaint in a timely manner or risk defaulting. They did not violate Mejia's due process rights by defending themselves against his complaint, and even if they did, that putative due process violation has no tendency to show that Mejia has stated a viable cause of action for legal malpractice.

Second, Mejia argues that the court dismissed his case on a technicality, namely, his "lack of knowledge" and failure to file an amended complaint. He asserts that "it has always been the policy of the court in California to resolve a dispute on the merits of the

6

case rather than allowing a dismissal on technicality." But the court did resolve the dispute on the merits when it sustained defendants' demurrers and determined that the complaint failed to state a cause of action for legal malpractice. The court gave Mejia an opportunity to remedy the defective complaint, but he did not do so. The dismissal was not based on a mere technicality. Section 581, subdivision (f)(2), authorized the court to dismiss the action under those circumstances.

Third, Mejia argues that the court abused its discretion by not allowing him to be heard and not giving him a clear understanding of its order granting him leave to amend. He asserts that the court provided limited guidance because it did not want to be perceived as offering legal advice. The record does not support Mejia's assertion that the court denied him the chance to be heard. The minute order for the hearing on Mares's demurrer shows that Mejia appeared, and there is no indication that the court prevented him from being heard. The minute orders for the hearings on the other demurrers show that Mejia did not appear. In each case, the minute order states that the court posted its tentative ruling, and it did not receive a timely request for oral argument. Nothing in the record shows that the court was at fault for Mejia's failure to appear or to request argument. Similarly, nothing in the record shows that the court was to blame for Mejia's failure to file briefs opposing the demurrers. And with respect to the ex parte applications to dismiss the complaint, Mejia appeared at the hearing on those applications, and there is no indication that the court prevented Mejia from being heard.

7

As for Mejia's suggestion that the court should have provided more guidance, he does not identify how the court's order giving him leave to amend the complaint was unclear. In general, a self-represented party "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) The court holds the self-represented litigant to the same rules as an attorney representing a client. (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) The court had no duty to "help[] him out" or advise Mejia on how to litigate his case. (*Lombardi v. Citizens Nat. Trust etc. Bank* (1955) 137 Cal.App.2d 206, 209.)

Lastly, Mejia asserts that the court "only allowed [him] a limited amount of time" to file an amended complaint. The court gave him much more time to amend than the default period under the California Rules of Court, which is 10 days. (Cal. Rules of Court, rule 3.1320(g).) Mejia does not persuasively explain how the court's more generous order amounted to an abuse of discretion.

For all of these reasons, Mejia fails to show that the court erred by sustaining the demurrers or by dismissing the action.**2**

---

**2** Shipley, Fazio, DeVries, and Dugan request that we take judicial notice of our nonpublished opinion concerning the juvenile court's jurisdictional findings and dispositional orders in the underlying dependency case. Mejia requests that we take judicial notice of another appeal that he filed in the underlying dependency case. He also requests that we take judicial notice of email correspondence between him and counsel for DeVries, and he asks that we "[a]cknowledge the necessity of compelling testimony" from DeVries. (Boldface omitted.) Mejia also filed a "notice to the court of appeal

*[footnote continued on next page]*

8

DISPOSITION

The judgments are affirmed.  Defendants shall recover their costs of appeal.  (Cal.

Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

regarding judicial misconduct and procedural irregularity in lower court."  (Capitalization omitted.)  That filing requests that we take judicial notice of materials in a different action that he brought against the County of Riverside and individual defendants (*Mejia v. County of Riverside et al.*, CVRI2500547).  In addition, Mejia filed a "notice of supplemental evidence and judicial misconduct under color of law and request for judicial action and preservation of record for federal review."  (Capitalization omitted.)  That filing requests that we take judicial notice of the county's demurrer in the separate action (*Mejia v. County of Riverside et al.*, CVRI2500547) and an email between the parties in the separate action.  Lastly, Mejia filed a motion for leave to file a supplemental brief, and he submitted a proposed supplemental brief with exhibits.

We deny all of the requests for judicial notice because the materials are irrelevant and unnecessary to our resolution of this appeal.  (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)  The materials do not show that the court erred by sustaining the demurrers in this action or that the court abused its discretion by dismissing the action after Mejia failed to file an amended complaint.  We also deny Mejia's motion for leave to file a supplemental brief.  The arguments in the proposed supplemental brief and the exhibits attached to the proposed brief do not bear on the issues in this appeal.  (See *Holland v. Jones* (2012) 210 Cal.App.4th 378, 382, fn. 1.)  Finally, to the extent that Mejia asks us to compel testimony by DeVries, none of the authorities that he cites authorizes us to do that, so we deny the request.

9