Filed 4/8/26  Elizabeth's Food Co. v. Castro CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELIZABETH'S FOOD CO., INC., | B345269 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV41913) |
| v. | |
| ALEJANDRO CASTRO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tiana J. Murillo, Judge.  Affirmed.

Alejandro Castro, in pro. per., for Defendant and Appellant.

Cummins & White, Erick J. Becker and Joshua Park for Plaintiff and Respondent.

———————————————

Alejandro Castro appeals from a postjudgment order denying his motion to determine a claim of exemption to a levy. Because Castro has not demonstrated trial court error, we affirm the order.

## BACKGROUND

Elizabeth's Food Co., Inc. (Elizabeth's) filed suit against Castro in November 2021. The trial court entered a default against Castro in November 2022, and in July 2023, the court entered a default judgment against him.

In April 2024, Elizabeth's obtained a writ of execution. This allowed Elizabeth's to take steps to levy Castro's property in order to enforce the judgment. (Cf. *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1052.)

Castro filed a claim of exemption in May 2024. In June 2024, Castro moved for an order determining the claim of exemption. Neither the claim of exemption nor the motion is included in the clerk's transcript. According to a trial court's order, Castro cited Code of Civil Procedure sections 704.130 and 704.160, which provide that workers' compensation claims and disability payments are exempt from levies.[1]

The trial court denied the motion in March 2025. The court explained that Castro's burden was to establish that the bank account being levied contained exempt funds. (§ 703.580, subd. (b).) According to the court, the only relevant exhibit that Castro submitted was a copy of a worker's compensation check that had been deposited into a particular Bank of America bank account. The court found no evidence that the check was deposited into an

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

2

account belonging to Castro or an account that was being levied. It therefore concluded that Castro failed to meet his burden of proving that the levied funds were exempt.

Castro timely appealed from the order denying his claim of exemption.[2]

## DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) Thus, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).)

An appellant must also "provide adequate record citations" to support any challenge to a trial court's ruling. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*).)

---

[2] The notice of appeal purports to appeal from a March 7, 2025 judgment after a court trial. According to the case register, the only ruling that the trial court issued on that date was the order denying Castro's claim of exemption. We construe the notice as appealing from that order.

To the extent that Castro means to also challenge the default judgment, we lack jurisdiction over his appeal. The judgment was entered on July 25, 2023, and Castro had sixty days, or until September 24, 2023, to appeal from it. (Cal. Rules of Court, rule 8.104(a)(1)(A).) The instant notice of appeal was filed more than a year later, in April 2025.

3

Relatedly, " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson, supra,* 5 Cal.5th at p. 609.) "The same rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

Castro's opening brief is just over one page long, and he did not file a reply. The first page of the opening brief does not mention Castro's claim of exemption or the order denying that claim. The second page asserts that his children's bank accounts were "garnished" and "[l]evied," and that Castro "went to the courts" to "contest all these false allegations." But even in this part of the brief, Castro does not mention his claim of exemption or the order rejecting that claim. Castro's opening brief also contains no citations to any legal authority. Because Castro failed to provide "reasoned argument and citations to authority," he forfeited any challenge to the order denying his claim of exemption. (*Delta Stewardship, supra,* 48 Cal.App.5th at p. 1075; *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 895 [contentions forfeited where appellant submitted an argument section "just over one page in length" with no legal analysis].)

In addition, Castro's opening brief does not include a single citation to the appellate record. "The appellate court is not required to search the record on its own seeking error. If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments,*

4

*LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061; see also *Hernandez, supra,* 37 Cal.App.5th at p. 277 [appellant's burden is to support arguments with record citations]; Cal. Rules of Court, rule 8.204(a)(1)(C) [same].)  Castro forfeited his arguments for this additional reason.

Even if we were inclined to search the record on Castro's behalf, we would still reject his claims, because Castro failed to provide an adequate record on appeal.  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  We would affirm the order denying Castro's claim of exemption if it is supported by substantial evidence.  (*Schwartzman v. Wilshinsky* (1996) 50 Cal.App.4th 619, 626.)  The only trial court documents included in the clerk's transcript are the case register, the order denying Castro's motion, and a nunc pro tunc order correcting a clerical error in that order.[3]  Because no briefs or exhibits were included in the clerk's transcript, the record does not reflect what evidence the trial court considered.  In turn, we are unable to determine whether the order was unsupported by substantial evidence.  (Cf. *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 513 [rejecting substantial evidence challenge as forfeited where appellant failed to "set forth, discuss, and analyze both the favorable and unfavorable evidence"].)

---

[3]     Castro designated three exhibits to be included in the clerk's transcript, but these were omitted, and Castro did not move to augment the record to include them.  (Cal. Rules of Court, rule 8.155(a)(1)(A) [party may move to augment record with documents filed below].)

Finally, we recognize that Castro's opening brief attaches several documents that are not part of the clerk's transcript.[4] Castro does not explain why he included these materials, and his opening brief does not mention any specific document. To the extent that Castro means to request augmentation of the record or judicial notice, we reject his request. If these documents were submitted to the trial court, Castro could and should have designated them for inclusion in the clerk's transcript. (Cal. Rules of Court, rules 8.121(b)(1)(B), 8.122(b)(3).) If the documents were not submitted to the trial court, ordinarily we would not consider them on appeal. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Castro does not argue that any of the documents were filed below, nor has he identified any "exceptional circumstances" that would allow us to consider any documents not submitted to the trial court. (*Ibid.*)

---

[4] These include two 2024 tentative orders continuing the hearing on Castro's exemption claim, a 2022 email from Castro to Juan Leon describing Castro's work at Elizabeth's, two undated Google search result screenshots relating to "CHEP pallets," a communication from a court reporter scheduling Castro's 2024 deposition, a 2023 minute order relating to an order to show cause, a 2018 email from Juan Leon to Castro, a 2022 affidavit of due diligence describing unsuccessful attempts to personally serve Castro with the complaint in this case, a 2024 order from the California Workers' Compensation Appeals Board approving a settlement and release between Castro and Elizabeth's, a 2020 letter from a law firm offering to settle a worker's compensation claim, a 2024 deposit receipt for a check made out to and endorsed by Castro, a 2018 statement for a Bank of America account in the name of Alejandro Castro Jr. and Veronica Castro, and several receipts for requests that Castro made to Bank of America in February 2025.

Moreover, because Castro's brief does not discuss any of the documents, it is unclear whether or how they relate to the order denying his claim of exemption.  We decline to consider them for this additional reason.  (*Mireskandari v. Gallagher* (2020) 59 Cal.App.5th 346, 359 [judicial notice inappropriate where documents at issue were not mentioned in movant's appellate briefing]; *Holland v. Jones* (2012) 210 Cal.App.4th 378, 382, fn. 1 [denying motion to augment record with irrelevant materials].)

## DISPOSITION

The order is affirmed.  Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EDMON, P. J.


EGERTON, J.